UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
IN RE SCIENTIFIC-ATLANTA, INC. )   1:06MS00435 (ESH/AK)
SECURITIES LITIGATION,           )
_____)

## MEMORANDUM ORDER

Pending before the Court is a Motion to Quash or Modify Subpoena Served on the Securities and Exchange Commission or, in the Alternative, for Protective Order ("Motion") [1] by Scientific-Atlanta, Inc. ("S-A"), James F. McDonald, and Wallace G. Haislip (collectively, the "Defendants"), and a Memorandum of Law in support of the Motion ("Memorandum"); Plaintiffs' Memorandum of Law in Opposition to the Motion ("Opposition") [3]; and Defendants' reply to the Opposition ("Reply") [6].[1]  Pursuant to Fed. R. Civ. P. 45, the Defendants move this Court for an Order quashing or modifying the subpoena served on a non-party, the Securities and Exchange Commission (the "SEC"), on August 8, 2006, or alternatively, for a protective order, pursuant to Fed. R. Civ. P. 26, directing that discovery not be had, or be stayed until "at a minimum, such time as there has been a ruling on [various] pending motions to dismiss." (Motion at 2.)  The Plaintiffs' subpoena *duces tecum*, dated August 4, 2006, requested production of documents by September 5, 2006. (Motion, Exh. A.)

Background

The underlying lawsuit involves a putative securities class action filed by Plaintiff shareholders against the Defendants in January 2002, alleging that Defendants committed violations of the Securities Exchange Act of 1934 by "issuing false and misleading statements

---

[1]The underlying civil action between Plaintiffs and the S-A Defendants is captioned *In Re Scientific-Atlanta, Inc. Securities Litigation*, Civil Action No. 1:01-CV-1950-RWS (N.D.Ga. July 24, 2001).

regarding demand for [Scientific-Atlanta's] products and entering into side agreements that violated Generally Accepted Accounting Principles." (Opposition at 2; *see also* Motion, Exh. H [Consolidated Class Action Complaint].) Plaintiffs further allege that Defendants employed a method called "channel-stuffing" to induce customers such as Adelphia Communications Corp. ("Adelphia") "to accept product[s] before they were actually needed or wanted." (*Id*.) The Defendants moved to dismiss the underlying complaint in the United States District Court for the Northern District of Georgia but the trial court denied the motion to dismiss; *In re Scientific Atlanta, Inc. Sec. Litig.*, 239 F. Supp. 2d 1351 (N.D.Ga. 2002); and that denial was affirmed in *Phillips v. Scientific-Atlanta, Inc.,* 374 F.3d 1015 (11th Cir. 2004).[2]

Plaintiffs' August 2006 subpoena directed at the SEC seeks documents relating to "certain marketing support transactions" between Scientific-Atlanta and Adelphia. (Memorandum at 5; *see* Exh. A. at 3-5.) Defendants indicate that "[t]hese transactions were also the subject of an investigation by the SEC, and, pursuant to that investigation, S-A produced internal company documents to the SEC concerning these transactions, which Plaintiffs now seek with their subpoena."[3] (Memorandum at 2.) The Motion at issue before this Court involves an attempt by the Defendants to quash or modify enforcement of the Plaintiffs' subpoena, served on the SEC, primarily on grounds that enforcement of such subpoena will effectively violate the stay of discovery in effect in certain Multi-District Litigation ("MDL") involving the Defendants and

---

[2]During the pendency of the Defendants' motion to dismiss, discovery was stayed pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(b)(3)(B), but the stay was lifted when the Complaint was sustained. (Opposition at 13.)

[3]*See SEC v. Scientific-Atlanta, Inc.*, No. 06 Civ. 4823 (S.D.N.Y. June 22, 2006). A copy of the SEC's Complaint is attached as Motion, Exh. C.

Adelphia, which is pending in the United States District Court for the Southern District of New York.[4]  Scientific-Atlanta has been sued in the MDL with regard to "federal securities fraud claims based on the existence of these same marketing support transactions." (Memorandum at 3 & n.4 (string cite omitted).)  According to the Defendants, "[a]ll of the Adelphia-related cases in the MDL have been consolidated for pre-trial proceedings, including discovery, and [a] mandatory stay of discovery under the Private Securities Litigation Reform Act (the "Reform Act"), 15 U.S.C. §78u-4(b)(3)(B), is in place in these cases." (*Id.*)  Plaintiffs are not involved in the Adelphia MDL case. (Opposition at 13.)[5]

Pursuant to a subpoena served on Adelphia, Plaintiffs have already obtained documents regarding the marketing support transactions that originated from Adelphia. (Opposition at 9.) Plaintiffs indicate that Adelphia produced these documents "despite the Adelphia MDL and the fact that it was in bankruptcy proceedings; it did not claim such discovery was barred or stayed." (Opposition at 9-10.)[6]

Plaintiffs have requested that Defendants produce documents that they tendered to the

---

[4]*In re Adelphia Communications Corp. Sec. and Derivative Litig.*, No. 1:03-MD-1529 (LMM) (S.D.N.Y.)

[5]Plaintiffs are not a party to the litigation pending in the Southern District of New York. Nor do they seek documents as part of that litigation or intend to use the documents for purposes of any case other than this case, which is pending in the Northern District of Georgia. (Opposition at 13; *see also* Opposition Exh. E [Stipulated Protective Order.])

[6]The Defendants previously sought to quash or modify subpoenas served upon non-parties, including Adelphia.  The trial court found that the Defendants had standing to object to the subpoenas served on a non-party, based on Defendants' allegation of "a personal right or privilege with respect to the materials subpoenaed." (Opposition, Exh. B [January 4, 2005 Order at 8].)  The trial court however denied Defendants' motion to quash regarding Adephia, on grounds that the court lacked jurisdiction to make a ruling over a subpoena issued by a district court in another jurisdiction. (Exh. B at 4-5.)

-3-

SEC in connection with the SEC's investigation of transactions involving Defendants and Adelphia. (Motion, Exh. G [Defendants' Responses to Plaintiffs' Third Request for Production of Documents.)  Defendants indicate that they have "already agreed to produce copies of all non-privileged documents produced by [Scientific-Atlanta] to the SEC in response to [the SEC] subpoena relating to events that occurred during the 'Relevant Time Period' as defined by Plaintiffs, including documents concerning both Adelphia and Charter [Communications, Inc.]." (Exh. G at 3.)  Defendants further indicate however that because "the information sought relates to other claims pending against S-A in the United States District Court for the Southern District of New York[,]" such production will not be made during the pendency of the Reform Act stay in that Adelphia MDL.[7]   (Exh. G. at 2-3.)

      Following Defendants' failure to produce the requested documents, Plaintiffs served a subpoena on the SEC on August 8, 2006 seeking, *inter alia*, "all documents (1) provided to the Commission in connection with the investigation that resulted in the civil action, *SEC v. Scientific-Atlanta, Inc.*, Case No. 06 Civ. 4823 (PKC) (S.D.N.Y.), by Scientific-Atlanta, Inc., Adelphia Communications Corp., or Arthur Anderson (the 'investigation') . . ." (Opposition, Exh. C [Letter from SEC in response to subpoena, dated September 21, 2006] at 1.)  Counsel for Plaintiffs and for the SEC have agreed that the scope of Plaintiffs' discovery requests in connection with the subpoena may be limited "to those records produced by Scientific-Atlanta, Inc." ( *Id.* at 2.)  In the September 21, 2006 letter, counsel for the SEC noted the SEC's intention

---

[7]The record associated with the instant Motion does not reflect that Plaintiffs filed a motion to compel immediate production of those documents from the Defendants; instead, it appears that Plaintiffs subsequently served a subpoena on a non-party, the SEC, to obtain the same documents.

to defer any production pending resolution of the S-A Defendants' [intended] motion to quash. Defendants subsequently filed their motion to quash the subpoena on September 28, 2006, and Plaintiffs filed their Opposition on October 12, 2006.

## Legal Standard

Federal Rule of Civil Procedure 45 permits a party to litigation to subpoena documents and tangible things, "command[ing] each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in [the] possession, custody or control of that person, . . . ." Rule 45(a)(1)(C). Pursuant to Fed. R. Civ. P. 45 (c)(1), "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(c)(3)(A) allows a court to quash or modify a subpoena, if among other things, it "requires disclosure of privileged or other protected matter and no exception or waiver applies" or "subjects a person to undue burden."

A party may move for a protective order, pursuant to Fed. R. Civ. P. 26(c) "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [an order] that the disclosure or discovery not be had; [or] that the disclosure or discovery may be had only on specified terms and conditions . . . . " The movant must establish "good cause" under Rule 26(c) "by demonstrating the specific evidence of the harm that would result." *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001). The movant carries the burden of establishing that a protective order should be granted. *Fonville v. District of Columbia*, 230 F.R.D. 38, 40 (D.D.C. 2005). The Court employs a balancing test in determining whether to grant a motion for protective order, weighing the burdensomeness to the moving party against the

requestor's need for, and relevance of the information sought. *Jennings*, 201 F.R.D. at 275 (citing *Lohrenz v. Donnelly*, 187 F.R.D. 1, 3 (D.D.C. 1999); *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998)).

## Analysis

As a preliminary matter, Plaintiffs question the Defendants' standing to bring this Motion, on grounds that "Defendants have proffered no argument that the documents sought are privileged, nor have they claimed a privacy right to such documents." (Opposition at 4.)[8] Instead, Defendants "sole basis for their motion is their claim that the discovery stay in the Adelphia MDL proceedings precludes Plaintiffs in the instant case from obtaining documents." (*Id.*)  A motion to quash or modify a subpoena generally may be made only by the party to whom the subpoena is directed, with the exception that where a party alleges a personal right or privilege regarding the subpoenaed documents, that party may have standing under Rule 45 to challenge the subpoena.[9]  This Court need not determine Defendants' Rule 45 standing in this case because the Defendants have alternatively moved for a protective order pursuant to Rule 26.

The Defendants' argument for quashing or modifying the subpoena [or alternatively, entry of a protective order] is premised on application of the Reform Act, which directs that all

---

[8]In this case, while the Defendants do not specifically challenge production of documents on grounds that they are privileged and confidential, it is undisputed that such documents, which were provided to the SEC during the course of the SEC investigation into the marketing support agreement, were provided subject to a confidentiality agreement. (Reply at 2-3.)   Nor do Plaintiffs dispute Defendants' contention that these documents "discuss sensitive business, financial, and other types of proprietary information, . . . ." (Reply at 3.)  Furthermore, the SEC, through its deferral of production, acknowledges that the Defendants have an interest in maintaining the privacy of the documents.

[9]Notably, the SEC has not moved to quash the subpoena and in fact, it has agreed to produce non-privileged documentation originating from Scientific-Atlanta.

discovery shall be stayed during the pendency of any motion to dismiss challenging the sufficiency of federal securities law claims. (Motion at 1.)[10] Defendants' argument can be summarized as follows:

> By virtue of the subpoena at issue here, Plaintiffs in the above-referenced case seek discovery on securities fraud allegations pending against Scientific-Atlanta, Inc. ("S-A") in several cases in the United States District Court for the Southern District of New York. In each of these cases, S-A has filed motions to dismiss pursuant to the Reform Act that are still pending. Accordingly, the Reform Act's discovery stay provision bars Plaintiffs' requested discovery until, at a minimum, such time as there has been a ruling on these pending motions to dismiss.

(Motion at 1-2.)

The Defendants argue that "[t]he Reform Act's stay provision applies both to discovery sought from parties and also from non-parties . . . ." (Memorandum at 4, citing *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676 (D. Md. 2000) (quashing a third-party subpoena pursuant to the Reform Act stay)). *See also In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005) (enforcing a stay against a third-party subpoena). Defendants further rely upon *In re AOL Time Warner, Inc. Sec. and ERISA Litig*, 02 Civ. 8853, 2003 WL 22227945, at *1

---

[10] Defendants challenge the relevance of the documents subpoenaed by the Plaintiffs, asserting that "Plaintiffs' Complaint makes no reference to the marketing support transactions between S-A and Adelphia." (Memorandum at 10-11.) Defendants' argument is misplaced because Federal Rule of Civil Procedure 26(b) provides that discovery is permitted "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery . . ." Plaintiffs earlier moved to compel certain documents from the Defendants and the United States District Judge for the Northern District of Georgia ordered Defendants to produce documents from January 2000 to June 2002 for Scientific-Atlanta's ten largest customers, including Adelphia. (Opposition at 2; *see* Exh. A [May 27, 2005 Order] at 7.) The trial court noted that "Plaintiffs have alleged numerous false and misleading statements that are not limited to digital set-top boxes or to bill and hold transactions [and] Plaintiffs are entitled to discovery any evidence that may reasonably lead to any admissible evidence as to the claims and defenses raised in Plaintiffs' Complaint and Defendants' Answer." (*Id.*)

(S.D.N.Y. Sept. 26, 2003) (enforcing a Reform Act stay when party sought discovery in a separate action also pending against AOL). In *AOL Time Warner,* employees brought an action against their employer for violations of the Employee Retirement Income Security Act, and the employer moved to stay discovery pending resolution of a dismissal motion in a related class action securities suit against the employer. The court there determined that because there was significant overlap in the information requested through discovery in both cases, there would be an "unnecessary replication of effort" and "duplicative discovery" if discovery in the ERISA case proceeded while the securities case was stayed and the motion to dismiss was subsequently denied. 2003 WL 22227945 at *1.[11]

Plaintiffs distinguish the court's decision in *Carnegie*, which was "issued in a case in which a motion to dismiss was pending," whereas in the instant case, a motion to dismiss has already been denied and the Reform Act stay that was in place has been lifted. (Opposition at 11.) Plaintiffs contend that "Defendants also cite to a number of cases that speak in generic terms about the purposes of the PSLRA's discovery stay . . . [but] [t]his discussion is irrelevant in these circumstances, as Plaintiffs have already survived the motion to dismiss." (Opposition at 12-13.)

Plaintiffs further distinguish *Dushkin Publ'g Group, Inc. v. Kinko's Serv. Corp.*, 136 F.R.D. 334 (D.D.C. 1991) and *Donovan v. Lewnowski*, 221 F.R.D. 587 (S.D. Fla. 2004), which were cited by the Defendants in support of their argument that the doctrine of "comity" compels a court to quash a subpoena when another court has issued an order barring discovery of the

---

[11] The court also rejected the ERISA plaintiffs' proposal that they be allowed to proceed with discovery, while the securities plaintiffs were prevented from accessing such discovery by the erection of a "wall," on grounds that such approach would "undermine the efficient conduct of both actions, and further, that a wall would be difficult because some counsel represented plaintiffs in both matters. *Id.* at *2.

subpoenaed documents. Plaintiffs note that neither of these cases involved a securities lawsuit or a Reform Act stay but rather, "both cases simply involve discussions of whether to apply comity to another court's determination that documents already produced are protected under a confidentiality order." (Opposition at 12.)[12]

Plaintiffs argue that Defendants seek a ruling that a "discovery stay pursuant to the PSLRA in one securities class action against a company prevents all discovery against that company, even in connection with a case to which the PSLRA stay is not applicable." (Opposition at 10.) Plaintiffs contest such broad imposition of a Reform Act stay, citing *In re First Energy Shareholder Deriv. Litig.*, 219 F.R.D. 584, 586 (N.D. Ohio 2004) (wherein the court found that even though securities fraud claims and shareholder derivative claims included similar facts, this was not sufficient to bring the derivative claims within the ambit of the PSLRA's discovery stay.) The court in *First Energy* declined to extend the reach of the Reform Act stay to encompass actions other than those filed under the federal securities laws, and allowed discovery on the derivative claims to proceed. *See also In re Cisco Systems, Inc. Sec. Litig.,* No. C 01-20418 JW, 2002 WL 32987531, at *3 (N.D. Cal. Jan. 30, 2002) (finding that the district court could stay discovery proceedings in the state court only "as *necessary* in aid of its jurisdiction" and that Defendants had to demonstrate that necessity); *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 168-69 (S.D.N.Y. 2001) (wherein a plaintiff bringing both a federal securities fraud action and various state law claims was allowed to proceed with discovery on the state law non-fraud claims while a stay of discovery was in effect on the fraud claims.) *But cf. In re Smith*

---

[12]Preservation of the confidentiality of the requested documents is not a contested issue in this Motion. (Reply at 4, n.3.)

*Barney Transfer Agent Litigation*, No. 05 Civ. 7583 (WHP), 2006 WL 17380789 (slip opinion cited by Defendants) (holding that a Reform Act stay is not limited to securities claims in a case involving both securities and non-securities claims.)

      Defendants distinguish the above cases cited by Plaintiffs by asserting that these cases did not involve "parties seeking discovery on federal claims, much less federal securities fraud claims . . . [but instead], the parties were seeking discovery for state law, non-securities class action claims." (Reply at 13.)  This Court notes that in many of the cases cited by Plaintiffs and Defendants, a Reform Act stay was either in place in the underlying case or in a related case.  This is distinguishable from the instant case where the underlying class action, which is pending in the Northern District of Georgia, does not involve a Reform Act stay nor is the case directly related to the MDL pending in the Southern District of New York, where there is such a stay in place.  Defendants request a protective order effectively extending the reach of such stay to litigation, which involves them, but is pending in another jurisdiction, and involves different issues and different Plaintiffs.  Defendants' request is unsupported by the circumstances in this case where the trial court in Georgia denied Defendants' motion to dismiss, thus sustaining Plaintiffs' claims and the Reform Act stay "was lifted more than three years ago." (Opposition at 1)[13]  This Court finds that Plaintiffs are entitled to move forward with discovery, including obtaining the contested documents from the SEC, particularly where Defendants themselves have acknowledged willingness to produce such non-privileged documentation [albeit, subject to the stay] and the

---

[13] The Reform Act stays all discovery during the pendency of any motion to dismiss filed by a defendant that challenges the sufficiency of federal securities law claims.

SEC has not moved to quash the subpoena.[14] While Defendants may view Plaintiffs' subpoena served upon the SEC as an "'end-run' around the Reform Act stay" (Memorandum at 9), Defendants may not use the Reform Act stay in the MDL as a shield to protect themselves from discovery in a case where the Plaintiffs' claims have already survived a motion to dismiss, and the trial court has ordered discovery to proceed. Accordingly, it is this 15th day of November, 2006,

ORDERED that the Defendants' Motion to Quash or Modify Subpoena Served on the Securities Exchange Commission or, in the Alternative, for Protective Order [1] be and hereby is denied.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[14]There is no indication of the time frame for determination of the motion(s) to dismiss pending in connection with the MDL in New York; thus, discovery of these documents could be "stayed" indefinitely.